UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN VALDEZ, | 1:11-CV-01603 LJO GSA HC |
| Petitioner, | ORDER DISMISSING PETITION WITH LEAVE TO AMEND |
| v. | ORDER DIRECTING CLERK OF COURT TO PROVIDE PETITIONER WITH A FORM HABEAS PETITION |
| TIM VIRGA, Warden, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On September 20, 2011, Petitioner filed the instant petition for writ of habeas corpus.

**DISCUSSION**

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases requires a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.1990); Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Further, the Advisory Committee Notes to Rule 8 indicate that the court may

dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). Nevertheless, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Illegible Petition

Petitioner must state his claim with sufficient specificity. See Hendricks v. Vasquez 908 F.2d at 491-92; Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir.1979). Rule 2(c) of the Rules Governing Section 2254 Cases states:

The petition must:

(1) specify all the grounds for relief available to the petitioner;
(2) state the facts supporting each ground;
(3) state the relief requested;
(4) *be printed, typewritten, or legibly handwritten*; and
(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

(Emphasis added.)

The instant petition is illegible.  It is comprised of 156 pages, nearly all of which are single-spaced and handwritten in a drifting, unlined fashion in very small print that is difficult and in some cases impossible to follow.  Petitioner is advised that Rule 2(c)(4) requires the petition to be legibly handwritten or typewritten.

The petition also is not pleaded with sufficient particularity.  Thirteen claims are presented, and the first claim alone occupies 42 pages.  "Although the habeas rules require more than notice pleading, and some factual specificity will often be helpful, or even necessary, a habeas petition should not resemble a treatise."  Spaziano v. Singletary, 36 F.3d 1028, 1031 n.2 (11th Cir.1994).

Petitioner will be given an opportunity to file an amended petition.  Petitioner is advised that failure to file a legible petition within the time allotted will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be titled "First Amended Petition" and reference the instant case number.  It must be legibly

1 | typed or handwritten, preferably on the form petition provided, and concise.

**ORDER**

Accordingly, the petition for writ of habeas corpus is hereby DISMISSED.  The Clerk of Court is DIRECTED to provide Petitioner with a form petition.  Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order.

IT IS SO ORDERED.

Dated:   **October 17, 2011**            /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE