UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN VALDEZ, | 1:11-CV-01603 LJO GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | [Doc. #25] |
| TIM VIRGA, Warden, | FINDING AND RECOMMENDATION REGARDING PETITIONER'S MOTION FOR DEFAULT JUDGMENT |
| Respondent. | [Doc. #26] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND[1]**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Tulare, following his conviction by jury trial of attempted murder and shooting at an occupied vehicle. Petitioner also pleaded no contest to carrying a loaded firearm, unlawful firearm activity, resisting an executive officer, and resisting a peace officer. Firearm and gang enhancements were also found true.

Petitioner thereafter appealed the conviction. On January 7, 2008, the California Court of

---

[1] This information is derived from the amended petition for writ of habeas corpus and Respondent's motion to dismiss the petition.

Appeal, Fifth Appellate District ("Fifth DCA") affirmed the conviction but modified the sentence. (See Resp't's Ex. 1.) Petitioner then filed a petition for review in the California Supreme Court. On March 12, 2008, the petition was denied. (See Resp't's Ex. 2.)

On June 25, 2008, Petitioner filed a petition for writ of habeas corpus in the Tulare County Superior Court. (See Resp't's Ex. 3.) The petition was denied on June 27, 2008. (See Resp't's Ex. 4.) On August 28, 2009, he filed a second habeas petition in the Tulare County Superior Court. (See Resp't's Ex. 5.) On August 31, 2009, that petition was denied. (See Resp't's Ex. 6.) On November 4, 2009, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (See Resp't's Ex. 7.) The petition was denied on November 19, 2009, without prejudice to refiling in the Fifth District. (See Resp't's Ex. 7.) On December 28, 2009, Petitioner filed a habeas petition in the Fifth District. (See Resp't's Ex. 8.) The petition was denied on March 19, 2010. (See Resp't's Ex. 8.) On June 17, 2010, he filed a habeas petition in the California Supreme Court. (See Resp't's Ex. 9.) On June 22, 2011, the California Supreme Court issued an order to show cause, returnable in the superior court, why Petitioner should not have his sentence modified as conceded by the California Attorney General in her informal response filed on March 17, 2011. (See Resp't's Ex. 9.) On July 27, 2011, the Tulare County Superior Court resentenced Petitioner. (See Resp't's Ex. 10.) On August 17, 2011, Petitioner appealed the resentencing judgment. The matter is pending before the Fifth DCA. (See Resp't's Ex. 11.)

On September 20, 2011, Petitioner filed a habeas petition in this Court. Following a preliminary review, the petition was dismissed and Petitioner was granted leave to file an amended petition. On November 21, 2011, Petitioner filed a first amended petition. On February 22, 2012, Respondent filed a motion to dismiss. On February 24, 2012, Petitioner filed a motion for default judgment. On March 12, 2012, Petitioner filed an opposition to the motion to dismiss.

**DISCUSSION**

A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rules 4 and 8 indicate

that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Abstention

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting relief except under special circumstances. Younger v. Harris, 401 U.S. 37, 43-54 (1971). Younger abstention is required when: (1) state proceedings, judicial in nature, are pending; (2) the state proceedings involve important state interests; and (3) the state proceedings afford adequate opportunity to raise the constitutional issue. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994). The rationale of Younger applies throughout the appellate proceedings, requiring that state appellate review of a state court judgment be exhausted before federal court intervention is permitted. Dubinka, 23 F.3d at 223 (even if criminal trials were completed at time of abstention decision, state court proceedings still considered pending).

In this case, direct review of the sentence on the underlying conviction is still ongoing in the state courts. In this petition, Petitioner raises numerous claims concerning his conviction. Although he does not challenge his sentence, he may opt to do so once direct review of resentencing is completed. In fact, in his opposition Petitioner states he will decide at a later date depending on the outcome in state court whether to raise challenges to his sentence. As noted by Respondent, the Supreme Court has stated that this procedure conflicts with its opinion in Rose v. Lundy, 455 U.S. 509 (1982), and 28 U.S.C. § 2244(b). Allowing Petitioner to file separate petitions attacking his conviction and sentence is "inconsistent with both the exhaustion requirement, with its purpose of reducing 'piecemeal litigation,' Duncan v. Walker, 533 U.S. 167, 180, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), and AEDPA, with its goal of 'streamlining federal habeas proceedings,' Rhines v. Weber, 544 U.S. 269, 277, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005)." Burton v. Stewart, 549 U.S. 147, 154 (2007). Respondent is correct and this Court should abstain from entertaining the petition.

C.  Motion for Default

Petitioner has also moved for default judgment based on his belief that Respondent has failed to comply with the Court's order to respond. Petitioner is incorrect. On December 2, 2011, Respondent was directed to file a responsive pleading within sixty days. On January 27, 2012, Respondent filed a motion to extend time by thirty days within the allotted time. Good cause having been presented, the Court granted an extension of time of thirty days commencing on February 6, 2012. Respondent timely filed his motion to dismiss on February 22, 2012. Therefore, Petitioner's motion is meritless and should be dismissed.

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED, the petition be DISMISSED WITHOUT PREJUDICE, and Petitioner's motion for default judgment be DENIED. This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 3, 2012**            **/s/ Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE